# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2275 SRC |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's motions to proceed in forma pauperis. After review of plaintiff's financial information, the Court will grant plaintiff's motions to proceed as a pauper in this action. *See* 28 U.S.C. § 1915. However, after review of the complaint for frivolousness, maliciousness and for failure to state a claim, the Court finds that plaintiff's claims for discrimination based on color, as well as his claims for retaliation and for hostile work environment/harassment, are subject to dismissal, as these claims are not like or reasonably related to the claims outlined in plaintiff's charge of discrimination.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff filed a pro se employment discrimination complaint against defendant the Boeing Company on July 29, 2019. At the time of filing his complaint, plaintiff filed a partially completed motion to proceed in forma pauperis [Doc. #2], as well as a motion for appointment of counsel [Doc. #3]. On August 8, 2019, the Court ordered plaintiff to supplement his complaint by

submitting to the Court a copy of his charge of discrimination such that the Court could determine whether plaintiff's claims in his complaint were like or reasonably related to his claims outlined in his charge. [Doc. #4]. Plaintiff was simultaneously ordered to submit a fully completed motion to proceed in forma pauperis or pay the full $400 filing fee. [Doc. #5]. On August 12, 2019, plaintiff submitted a copy of his charge of discrimination filed with the Missouri Commission on Human Rights ("MCHR").[1]

## The Complaint

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination in the terms and conditions of his employment based on race and color. Plaintiff also alleges that he was retaliated against and subjected to a hostile work environment by his employer, the Boeing Company. Additionally, plaintiff alleges that defendant unlawfully failed to promote him based on his race and color and terminated his employment for illegal reasons.

In his charge of discrimination, plaintiff checked the box for race discrimination, but he failed to indicate that he believed he had been subjected to retaliation or discrimination based on his color. Although plaintiff described in his charge how he believed he had been discriminated in his employment based on his race, as well as unlawfully terminated, he did not indicate that he had been subjected to a hostile work environment at the Boeing Company.

---

[1] Missouri is a "dual-filed state," such that plaintiff's MCHR charge of discrimination was considered simultaneously filed with the Equal Employment Opportunity Commission ("EEOC"). Mo.Rev.Stat. § 213.075.2. The Court notes that although not date-stamped by the MCHR, it appears that plaintiff's charge was submitted to the MCHR on April 20, 2019.

**Discussion**

A plaintiff's claims in court must be like or reasonably related to the claims outlined in his administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).[2] To allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005).

As noted above, in plaintiff's charge of discrimination, plaintiff marked the box for race discrimination only. Plaintiff did not mark the boxes for discrimination based on his color. And his failure to do so means that he failed to exhaust his administrative remedies with respect to this claim. *See Duncan*, 371 F.3d at 1025; *Cruesoe v. MERS/Missouri Goodwill Indus.*, 2006 WL 2917363, at *10 (E.D.Mo. Oct. 11, 2006); *Mathews v. St. Louis University,* 2006 WL 269992, No. 4:05CV1488 JCH (E.D. Mo. February 1, 2006).

Additionally, plaintiff's failure to include a hostile work environment/harassment claim in his narrative in his charge of discrimination is fatal to his claim in his complaint. A hostile work environment claim is not like or reasonably related to a race discrimination claim, and it is subject to dismissal for failure to exhaust. Plaintiff has not used the terms harassment or hostile work

---

[2] Cited negatively in *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) to the extent it implies a different standard of review for employment discrimination cases on summary judgment.

environment in his narrative, he has not described a continuous derogatory work environment, but instead his narrative describes discrete acts of what he believes to be discrimination.

Last, plaintiff's failure to check the box for retaliation on his charge of discrimination is also fatal to his claim in his complaint. Again, plaintiff cannot claim that a retaliation claim is like or reasonably related to a discharge or a discrimination claim. The Eighth Circuit has "considerably narrowed [its] view of what is like or reasonably related to the originally filed EEOC allegations ... [and has] subsequently recognized that 'retaliation claims are not reasonably related to underlying discrimination suits.'" *Wedow v. City of Kan. City,* 442 F.3d 661, 672-73 (8th Cir. 2006) (internal quotation and internal citation omitted). *See also Richter v. Adv. Auto Parts, Inc.,* 686 F.3d 847, 852 (8th Cir. 2012) (a retaliation claim is not reasonably related to an underlying discrimination claim; therefore, a retaliation claim must independently exhaust its administrative remedies).

As a result, plaintiff's claims of color discrimination, as well as his claims for retaliation and a hostile work environment/harassment, brought pursuant to Title VII, will be dismissed under 28 U.S.C. § 1915(e).

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel in addition to his complaint in this action. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the

5

complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [Doc. #2 and #6] are **GRANTED**.

**IT IS FURTHER ORDERED** that that plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* for employment discrimination based on color, retaliation and a hostile work environment/harassment are **DISMISSED** as these claims are not like or reasonably related to those claims in plaintiff's charge of discrimination. *See* 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendant the Boeing Company by serving its registered agent at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri, 65101.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of January, 2020.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE