UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID WILLIAMS, )
 )
    Plaintiff, )
 )
v. ) No. 4:19-CV-2275 SRC
 )
THE BOEING COMPANY, )
 )
    Defendant, )

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for reconsideration of the dismissal of his claims for retaliation and for hostile work environment/harassment in his employment discrimination lawsuit. After review of the arguments asserted by plaintiff, the Court will deny plaintiff's motion for reconsideration.[1]

### Background

Plaintiff filed the instant action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*, for employment discrimination in the terms and conditions of his employment based on race and color. Plaintiff also alleged he was retaliated against and subjected to a hostile work environment by his employer, the Boeing Company.[2] Additionally, plaintiff alleged that defendant unlawfully failed to promote him based on his race and color and terminated his employment for illegal reasons.

On January 8, 2020, plaintiff was granted leave to proceed in forma pauperis, and the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and

---

[1]Although the Court also dismissed plaintiff's claim for color discrimination, plaintiff does not appear to be seeking reconsideration of the dismissal of this claim.
[2]Plaintiff claims that he was originally hired as an Information Technology Career Foundation Programmer at the Boeing Company in June of 2014. However, he was employed as a Software Analyst at the time of his termination.

for failure to state a claim upon which relief could be granted.[3] Because plaintiff failed to allege claims of color discrimination, hostile work environment/harassment and retaliation in his charge of discrimination filed with the Equal Employment Opportunity Commission, the Court dismissed these claims from his complaint on January 8, 2020 and issued process on plaintiff's remaining claims as to the Boeing Company.

In his motion for reconsideration, plaintiff seeks reinstatement of his retaliation and hostile work environment/harassment claims. Plaintiff asserts that he alleged these claims in his newly filed pre-charge inquiry and new EEOC charge of discrimination. Plaintiff filed these documents with the EEOC on January 16, 2020.

## Legal Standard for Exhaustion

Title VII establishes an administrative procedure that a complaining employee must follow before filing a lawsuit in federal court. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974). "In other words, an employee cannot bring a discrimination claim without first exhausting his or her administrative remedies." *Briley v. Carlin,* 172 F.3d 567, 571 (8th Cir. 1999). Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989). To exhaust administrative remedies, an individual must: (1) timely file a charge of discrimination with the EEOC, setting forth the facts and nature of the charge, and (2) receive notice of the right to sue from the EEOC. 42 U.S.C. §§ 2000e-5(b), (c), (e).

---

[3]The United States Supreme Court held in a unanimous opinion that Title VII's charge-filing requirement is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *See Fort Bend Cnty., Tex. v. Davis*, ⸺ U.S. ⸺, 139 S. Ct. 1843, 1850-51 (2019).

Once an individual receives notice of the right to sue, he has ninety days in which to file suit. 42 U.S.C. § 2000e-5(f)(1).

Although a charge of discrimination "need not specifically articulate the precise claim, it must nevertheless be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Humphries v. Pulaski Cnty. Special Sch. Dist.,* 580 F.3d 688, 697 (8th Cir. 2009) (internal quotation omitted). "Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." *Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir. 1988). Therefore, the scope of an ensuing Title VII action is not necessarily limited to the specific allegations made in the EEOC charge. *Nichols v. Am. Nat'l Ins. Co.,* 154 F.3d 875, 886 (8th Cir. 1998). Rather, "the sweep of the administrative charge is as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." *Simmons v. New Pub. Sch. Dist. No. Eight,* 251 F.3d 1210, 1216 (8th Cir. 2001) (internal quotation marks omitted). Thus, "[a] plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir. 1994).

Allegations outside of this scope circumvent the investigative and conciliatory EEOC process and deprive the charged party of notice of the charge. *Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1025 (8th Cir. 2004). Thus, dismissal for failure to exhaust administrative remedies is proper if the plaintiff only charges certain forms of discrimination without ever hinting at another claim. *Williams,* 21 F.3d at 223.

**Discussion**

The gist of plaintiff's motion for reconsideration is that he has filed a new charge of discrimination with the EEOC encompassing his hostile work environment/harassment claim as well as his retaliation claim on January 16, 2020. Plaintiff believes that the filing of this new charge of discrimination entitles him to reconsideration of the dismissal of these claims in this lawsuit.

Plaintiff has not entered into the record a right to sue letter regarding this new charge of discrimination. Thus, these claims have not been presented in this case and are not part of this lawsuit. The Court will therefore decline to reconsider the dismissal of the claims from plaintiff's complaint. *See Cruesoe v. MERS/Missouri Goodwill Industries,* No. 4:05-CV-538 RWS, 2006WL2917363 (E.D.Mo. October 11, 2006). As set forth in 42 U.S.C. § 2000e, to exhaust administrative remedies, an individual must: (1) timely file a charge of discrimination with the EEOC, setting forth the facts and nature of the charge, **and** (2) receive notice of the right to sue from the EEOC. 42 U.S.C. §§ 2000e-5(b), (c), (e). Once an individual receives notice of the right to sue, he has ninety days in which to file suit. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff additionally argues that he told the EEOC investigator when he filed his original charge of discrimination that he intended on filing a retaliation charge. He claims that the investigator failed to mark the retaliation box on his charge of discrimination.

As noted above, the exhaustion requirement is necessary in order to give the EEOC and the employer notice of what is contained in the charge of discrimination. This allows the EEOC and the employer to engage in the investigation and conciliation process. Although plaintiff may believe that he provided the EEOC with enough information during the administrative process to put the EEOC on notice of a retaliation claim, he has not provided evidence of such to this Court. Moreover, plaintiff signed the charge of discrimination, under penalty of perjury, knowing that the

retaliation box was not marked. Additionally, there is nothing in his complaint or the administrative charge that indicates a retaliation claim.

Although the Court must "liberally construe an administrative charge for exhaustion of remedies purposes, ... there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made." *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005) (internal quotation marks omitted). Plaintiff's EEOC charge simply contains no information that would put defendant or the EEOC on notice of a possible retaliation claim. Thus, the Court finds that plaintiff has failed to exhaust his administrative remedies as to his retaliation claim. As such, dismissal of the retaliation and hostile work environment/harassment claims were proper. *See Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) ("[D]ismissal is appropriate ... if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of his hostile work environment/harassment claim, as well as his retaliation claim [Doc. #12] is **DENIED**.

Dated this 7th day of February, 2020

SLR.CR

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE